**T. CROSBY ERVING, Plaintiff**

v.

**HARRIET L. ERVING, Defendant**

Civil No. 386-1974

District Court of the Virgin Islands

Div. of St. Thomas and St. John

June 10, 1975

_____

* As per plaintiff's computation received March 10, 1974
** ½ of monies paid by or for benefit of plaintiff since 1/4/1974

HOFFMAN, *District Court Judge*, Sitting by Designation

MEMORANDUM OPINION AND ORDER

Prior to trial on June 4, 1974, defendant moved this Court to dismiss this divorce action for lack of subject matter jurisdiction. Rule 12(b)(1), F.R.C.P. Plaintiff alleges jurisdiction under 16 V.I.C. § 106, namely that plaintiff was a resident of the Virgin Islands for six weeks prior to the filing of this action and continues to be such. Under the aforementioned section, evidence of such residence is presumptive proof of domicile, and such domicile is the basis for the Court's jurisdiction. See Williams v. Williams, 8 V.I. 244, 247, 328 F.Supp. 1380, 1382 (D.C.V.I. 1971).

From the evidence adduced at the hearing on the motion, the following facts were established: The plaintiff first came to the Virgin Islands on May 23, 1974. This action was filed on July 5, 1974, six weeks after his arrival. The plaintiff professed an intention to reside permanently in the Virgin Islands. The Court finds that sufficient evidence was adduced to raise the presumption of domicile under 16 V.I.C. § 106.

██ Such a presumption can be rebutted by the facts of a particular situation. "Declarations as to domicil(e) may be contradicted by evidence of acts and conduct inconsistent with such declarations." 25 ALR2d 67. The testimony of Mr. Erving further showed the following facts: Prior to his arrival in St. Thomas he had resided over the last eight years in Massachusetts, New York, Grenada, Barbados and Antigua. Since the time of his marriage in 1967, Mr. Erving had travelled quite extensively in North Africa, Europe

272

and the Caribbean. His total personal income from wages in 1974 was $434.00; he had filed an Estimated Tax Form 1040-ES with the Tax Division of the Virgin Islands Department of Finance for $1000.00 for 1975. He has resided at the Island Beachcomber Hotel in St. Thomas since May 1974. He made a number of trips to the mainland and Antigua since that date, and each time he would leave, he would check out of the hotel and check in upon his return. From his own testimony and that of Mr. Carruth, an employee of the Island Beachcomber, his total bill at that hotel since May of 1974 was in excess of $8000.00 and was paid entirely by his mother. Mr. Erving still keeps some of his clothes and belongings at his mother's home in Milton, Massachusetts. He maintains his only bank account and a safe deposit box in Milton also. Mr. Erving last returned to St. Thomas on June 2, 1975, two days before this hearing. He was, at the time of the hearing, staying at the Limetree Beach Hotel. He had purchased a round-trip ticket to St. Thomas on this last return, with a scheduled return to the mainland on June 5, 1975, the day after this hearing.

I find that the defendant has overcome the presumption that the plaintiff is domiciled in the Virgin Islands. I find that Mr. Erving's actions clearly belie the assertion that he intended to reside permanently in the Territory. In light of Mr. Erving's self-proclaimed lack of funds, I find it incredible that he would attempt to establish a permanent residence here by staying at a hotel at a rate of up to $40.00 a day for over a year. His frequent trips back to Massachusetts, the location of his savings account and safety deposit box in that state are some indicia that he still maintains ties to that state. The Court has also noted a pattern in Mr. Erving's comings and goings as compared to the dates on which this case has been set for hearings. Chiefly, however, I found Mr. Erving's testimony on this question of domi-

cile to be evasive and not credible. See Ornberg v. Ornberg, 4 V.I. 392, 395, 314 F.2d 206, 207 (3rd Cir. 1963).

 Neither party being a bona fide resident of the Virgin Islands, the Court finds that it has no jurisdiction in this action. Accordingly, the case is dismissed.

The Court denies defendant any further award of costs or attorney's fees beyond its May 14, 1975, Order in this matter.

It is so ordered.